**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**


**FELIX D. TAYLOR**                                                                                            **PLAINTIFF**


**VS.**                              **CASE NO. 4:09CV00751 JMM**


**JOHN SELIG, IN HIS OFFICIAL CAPACITY
AS DIRECTOR OF THE ARKANSAS DEPARTMENT
OF HUMAN SERVICES, ET AL.**                                                         **DEFENDANTS**


<u>**ORDER**</u>

Pending before the Court are defendants's Motions to Dismiss, and plaintiff's Motion for

Relief and Amended Motion for Temporary Restraining Order and Injunctive Relief.

For the reasons stated below, plaintiff's Motion for Relief and Amended Motion for

Temporary Restraining Order are denied and defendants's Motions to Dismiss are granted (#20,

#29, #31, #44).

Plaintiff's Amended Complaint filed September 23, 2009, alleges defendants

discriminated against him because of his age, race, and disabilities by reducing his attendant care

hours.  Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive

damages.  Plaintiff's claims are brought pursuant to: (1) The American with Disabilities Act, 42

U.S.C. §12101 ("ADA"); (2) The Rehabilitation Act of 1974, 29 U.S.C. § 791; (3) The United

States Medicaid Act, 42 U.S.C. § 1396; (4) Title VI of the Civil Rights Act of 1964; (5)  42

U.S.C.§ 1981; 42 U.S.C. § 1982; (6) 42 U.S.C.§ 1983; (7) the United States Constitution; (8) 28

U.S.C. § 1331; and (9) The Civil Rights Elective Franchise Statute, 28 U.S.C. § 1343.  Plaintiff

also asserts supplemental jurisdiction under the Arkansas Constitution, the Arkansas Medicaid

Act, the Arkansas Civil Rights Act of 1993, and the Arkansas Administrative Procedure Act.

Plaintiff brings claims against John Selig, the Director of Arkansas Department of Human

Services ("DHS"); Krista Huges, the Director of the DHS Division of Aging and Adult Services

("DAAS"); Superior Senior Care, Inc. ("SSC");  Joseph Pascual, SSC's president; and Rita

Hurst, SSC's treasurer and registered agent in their official capacities.  Plaintiff brings claims

against Sara Freeman, the director of Nursing Services for DAAS; Shonta Ellison, a registered

nurse for DAAS; Donna Kelso, an employee of SSC; and Stephanie Doe, an employee of SSC in

their official and individual capacities.

Defendants seek dismissal based upon Federal Rule of Civil Procedure 12(b)(1) and (6)

contending that plaintiff has failed to establish jurisdiction and that he has failed to state a claim

for relief.  Plaintiff responds by contending that (1) his reduction in attendant care hours was due

to the personal directions of defendants not his primary care physician; (2) it is the policy of the

defendants to discriminate against African-American individuals by providing them with less

attendant care hours than Caucasians; (3) defendants should have appealed his reduction in

attendant care hours for him; (4) plaintiff was not given the right to appeal; (5) defendants did not

provide him with materials in oral form; and (6) the affidavits provided by defendant's did not

conform to federal or state law.

Plaintiff's Complaint and Amended Motion for Temporary Restraining Order and

Injunctive Relief seek reinstatement of 49 hours per week of attendant care contending that the

decision to reduce his attendant care hours was made without medical consultation in a racially

discriminatory manner and in violation of federal and state Medicaid laws.   Plaintiff contends

that his health will deteriorate if he does not have the proper hours of attendant care and that he

will suffer mental distress, mental illness, and depression as a result of defendants's actions.

Plaintiff's complaint alleges the following.  Plaintiff is a sixty-year old, blind, African-

American man whose disabilities require attendant care services by Arkansas Medicaid Home

and Community based Waiver Program ("Waiver Program"), specifically the Alternatives of

Adults with Physical Disabilities ("ADPD"), to assist in daily activities including bathing and

meal preparation.  On July 2008, plaintiff's attendant care hours where increased to forty-nine

hours a week after he had leg surgery.  On August 1, 2009, plaintiff was informed by ADPD

through a phone call from Ellison that his attendant care hours would be reduced to twenty-one

hours a week based on his improved health.  Plaintiff agreed that his health had improved.  On

August 24, 2009, Ellison and her supervisor, Freeman, came to plaintiff's home to interview him

and check on his recovery.  At that time plaintiff informed Ellison that he was also receiving

daily nursing care.

On September 18, 2009, plaintiff received an official letter stating his hours of attendant

care would be reduced from forty-nine hours a week to twenty-one hours a week due to his

physical improvement.  Plaintiff's complaint states that attached to the letter was a document

signed by plaintiff's primary care doctor, Dr. David Liu, approving the reduction of plaintiff's

attendant care hours.  A copy of that document was attached to plaintiff's complaint.

<u>Standard of Review</u>

Pursuant to Fed. R.Civ. P. 12(b)(1) a Court must dismiss the matter if it lacks subject

matter jurisdiction of the complaint.  Fed. R.Civ. P. 12(b)(1); *see Osborn v. United States*, 918

F.2d 724, 729 n. 6 (8th Cir.1990) (finding that "the nonmoving party receives the same

protections [for facial attacks under 12(b)(1) ] as it would defending against a motion brought

under Rule 12(b)(6)").  In a factual attack, the Court considers matters outside the pleadings and

the non-moving party does not have the benefit of 12(b)(6) safeguards. *Id.*

When analyzing a motion to dismiss under Rule 12(b)(6), the Court assumes all factual

allegations in the complaint are true, however, the complaint must contain sufficient facts, not

mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.  *See Grand

River Enterprises Six Nations, Ltd. v. Beebe*, 574 F.3d 929, 935 (8th Cir. 2009).  The facts

alleged in the complaint "'must be enough to raise a right to relief above the speculative level'

and must 'state a claim to relief that is plausible on its face.'"  *Drobnak v. Andersen Corp.,* 561

F.3d 778, 783 (8th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct.

1955, 1965,1974, 167 L.Ed.2d 929 (2007)).

<u>American with Disabilities Act and Rehabilitation Act</u>

Title II of the ADA provides, in relevant part, "no qualified individual with a disability

shall, by reason of such disability, be excluded from participation in or be denied the benefits if

the services, programs, or activities of a public entity, or be subjected to discrimination by any

such entity." 42 U.S.C. §2132.  The ADA defines "public entity" as "(A) any State or local

government; (B) any department, agency, special purpose district, or other instrumentality of a

State or States or local government." 42 U.S.C. § 12131(1).  That term, as it is defined within the

statute, does not include individuals.  *See Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n.8

(8th Cir. 1999).  Moreover, there is no individual liability under the Rehabilitation Act.  *See

Brown v. Dills*, 2007 WL 148851, (W.D.Mo. 2007); *Damron v. North Dakota Commr. of*

4

*Corrections*, 299 F.Supp. 2d 970, 979 (D.N.D. 2004), *aff'd*, 127 Fed. Appx. 909 (8th Cir. 2005).

The Motions to Dismiss filed by all of the defendants in their individual capacities are granted because they cannot be sued individually under the ADA or the Rehabilitation Act.

States have sovereign immunity from private causes of action under the ADA for damages unless the alleged conduct violates the Fourteenth Amendment. *See United States v. Georgia*, 546 U.S. 151, 158-159, 126 S.Ct. 877, 163 L.Ed. 2d 650 (2006). Plaintiff has failed to state a claim which would amount to a Fourteenth Amendment violation resulting in any claim for damages being dismissed.

Without deciding whether the state has waived its sovereign immunity under the Rehabilitation Act, *see Doe v. Nebraska*, 345 F.3d 593, 598 (8th Cir. 2003), plaintiff's claims for any damages under the Rehabilitation Act are dismissed for failure to state a claim. *See Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998) (to establish violation under Title II of ADA or section 504 of Rehabilitation Act, plaintiff must allege he was excluded from participation in or denied benefit of public entity's services, programs, or activities, or was otherwise discriminated against because of disability).

Any Rehabilitation Act and ADA claims for injunctive relief are dismissed as plaintiff has failed to state sufficient facts to support his allegations that defendants discriminated against him based upon his disability. *Id.*

Plaintiff also alleges that the information on the reduction of his attendant care hours did not comply with ADA because he is blind and it should have been provided it in oral form. However, he states in his complaint that before the form was sent to him Ellison orally advised him during the August 1, 2009 phone call that his attendant care hours were being reduced and

gave him an explanation for the reduction.

<u>Title VI Claim</u>

Title VI of the Civil Rights Act provides that, "[no] person in the United states shall, on the ground of race, color, or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance."  42 U.S.C. § 2000d (1994).  A program or activity under the Act includes all operation of state government departments.  42 U.S.C. § 2000d-4a.

To the extent that plaintiff has a private cause of action under Title VI,  *see Alexander v. Sandoval*, 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001), he has failed to state a claim as he has failed to allege any facts beyond conclusory allegations that the actions taken by defendants were based upon race, color, or national origin.

Plaintiff alleges that African-American Medicaid recipients are provided less attendant care hours than Caucasian Medicaid recipients based upon the defendants's racial animus.  To support this claim, he alleges that he receives the same amount of attendant care with a permanent disability as a Caucasian with a temporary disability.

Plaintiff's allegations of racial discrimination are conclusory and do not meet the standard required in *Twombly* which states that a plaintiff's factual allegations  "must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." 1974.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570,127 S.Ct. 1955, 1965, 1974, 167 L.Ed.2d 929 (2007)).

The Motions to Dismiss plaintiff's claims against all defendants in both their individual and official capacities under Title VI are granted.

6

<u>§ 1981 Claims</u>

Plaintiff's claims under 42 U.S.C. § 1981 against Selig, Hughes, Freeman, and Ellison in their official capacities are dismissed because they are state actors, and federal actions to enforce rights under § 1981 against state actors can only be brought pursuant to § 1983.  *See Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998), ("a federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983.").   Defendants Selig's, Hughes's, Freeman's, and Ellison's Motion to Dismiss the § 1981 claims against them in their official capacities is granted.

<u>§ 1983 Claims</u>

Plaintiff's remaining claims are brought pursuant to § 1983 claims based upon alleged violations of the Medicaid Act, § 1981, § 1982, and the Constitution.[1]

Defendants contend that plaintiff has failed to state a claim under § 1983 against Selig, Hughes, Freeman, and Ellison in their official capacities because they are barred by sovereign immunity and these defendants are not considered "persons" under § 1983.

It is true that § 1983 claims against the State of Arkansas and its agencies for damages are barred by the Eleventh Amendment and that the state defendants are not considered "persons" for purposes of § 1983 .  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304,

---

[1]Section 1981 provides that all persons shall have the same right to "make and enforce contracts" and the right to "the enjoyment of all benefits, privileges, terms, and condition of the contractual relationship." 42 U.S.C. § 1981(a)-(b).
Section 1982 states that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  42 U.S.C. § 1982.

105 L.Ed.2d 45 (1989) (neither state nor its officials acting in their official capacities are persons under § 1983; *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (Eleventh Amendment immunity bars § 1983 damages claim against state and its agencies).  However, when sued for prospective injunctive relief, state officials in their official capacities are considered "persons" under § 1983, and such relief is not barred by the Eleventh Amendment.  *Murphy*, 127 F.3d at 754 (citing *Treleven v. University of Minn.*, 73 F.3d 816, 819 (8th Cir. 1996)).

Nevertheless, plaintiff has failed to state sufficient facts of the requisite disparate treatment or racially discriminatory intent necessary for violations of Medicaid, § 1981, § 1983, or the Constitution.

Plaintiff alleges that when he inquired why his attendant care hours were being reduced he was told it was because of his improved health and he agreed that his health had improved since his surgery.  Based on the allegations in the complaint, the reduction in attendant care hours was approved by plaintiff's primary physician.  Plaintiff attached a copy of the document signed by his primary physician giving approval to the reduction of attendant care hours.

Plaintiff alleges that he has been deprived of his attendant care hours without due process.  Plaintiff's allegations are that he requested that defendants "fax or e-mail" him his personal information, shortly thereafter he received a packet with his requested information.  Moreover, he has failed to plead facts to support his claim that he was denied the right the appeal.

The Motions to Dismiss the § 1983 claims against all defendants in their official and individual capacities are granted.

8

<u>28 U.S.C. § 1343</u>

28 U.S.C. § 1343 confers jurisdiction upon federal district courts over civil actions which are brought "(t)o redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. s 1343(a)(3).  42 U.S.C. § 1983 creates the remedy for such violations.  *See Williams v. Rogers*, 449 F.2d 513 (8th Cir. 1971). As stated above, plaintiff has failed to allege sufficient facts to support a § 1983 claim.

<u>Motion for Relief and Amended Motion For Temporary Restraining Order and Injunctive Relief</u>

Plaintiff has filed an Amended Motion for Temporary Restraining Order and Injunctive Relief (#44) rasing the same issues and same allegations as found in his complaint, amended complaint, first Motion for Temporary Restraining Order, which was denied by United States District Judge Susan Wright (#9), and his Motion for Relief.

In addition to these previous allegations, he also alleges that the reduction in attendant care hours will lead to a deterioration in his personal hygiene and mental health, and that the state has an interest in ensuring that individuals are not being discriminated against because of race. For the same reasons that plaintiff's complaint is dismissed, his Motion for Relief and his Amended Motion for Temporary Restraining Order are dismissed.

<u>Supplemental Jurisdiction</u>

The Court declines jurisdiction over plaintiff's state law claims  *See* 28 U.S.C. § 1367(c)(3).  These claims are dismissed without prejudice.

9

<u>Conclusion</u>

All of plaintiff's federal claims against all defendants are dismissed based upon the

Court's lack of jurisdiction and plaintiff's failure to state a claim.  The Court declines to exercise

its supplemental jurisdiction over the remaining claims and they are dismissed without prejudice.

Plaintiff's complaint is dismissed and all pending motions are dismissed as moot.[2]

Judgment will be entered accordingly.

IT IS SO ORDERED THIS  19   day of   April , 2010.


James M. Moody
United States District Judge

---

[2]Plaintiff filed a Motion for Injunctive Relief on February 3, 2010, (#31) in which he
alleged that his hours of attendant care had been reduced to zero.  He sought reinstatement of 49
hours per week of attendant care.  At a telephone conference held on February 26, 2010, plaintiff
informed the Court that he was receiving 21 hours of attendant care, resulting in the motion for
injunctive relief as it relates to his receiving zero hours of attendant care no longer being an issue
and, as such, is dismissed.

10